IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



CHRIS LEWIS MONEY, §
 §
 Petitioner, §
 §
v. § No. 4:18-CV-315-A
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
 Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Chris Lewis Money, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings and relief sought by Petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On June 18, 2010, pursuant to plea agreements, in the 372nd Judicial District Court, Tarrant County, Texas, Case Nos. 1129512D, 1149552D, 1139597D, and 1193579R, petitioner pleaded guilty to two counts of aggravated robbery with a deadly weapon, one count of attempted aggravated robbery with a deadly weapon, and one count of murder and was sentenced to 15 years'

confinement for attempted-aggravated-robbery offense and 39 years' confinement for the remaining three offenses. (SHR-01 76-82; SHR-02 76-82; SHR-03 76-82; SHR-04 72-78.[1]) Petitioner did not appeal his convictions or sentences. (Pet. 3, doc. 1.) He did, however, file four post-conviction state habeas-corpus applications on December 22, 2017, one for each conviction, which were denied by the Texas Court of Criminal Appeals on February 21, 2018, without written order on the findings of the trial court.[2] (SHR-01 18 & Action Taken; SHR-02 18 & Action Taken; SHR-03 17 & Action Taken; SHR-04 18 & Action Taken.) Petitioner filed this federal habeas-corpus petition challenging his convictions on April 23, 2018.[3] (Pet. 10.) Respondent asserts that the petition is untimely under the federal one-year statute of limitations and should be dismissed. (Resp't's Answer 4-10.)

## II. Issues

Petitioner raises the following four grounds for relief:

(1) ineffective assistance of trial counsel;

(2) prosecutorial misconduct;

---

[1]"SHR-01" through "SHR-04" refer to the state court records of petitioner's state habeas proceedings in WR-88,042-01, WR-88,042-02, WR-88,042-03, and WR-88,042-04, respectively.

[2]A pro se petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's applications do not provide those dates; thus, for purposes of this opinion, the applications are deemed filed on the dates the applications were signed by petitioner.

[3]Similarly, a federal habeas petition filed by a prisoner is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

(3) outrageous state and federal governmental misconduct; and

   (4) abuse of discretion by the trial judge.

(Pet. 6-7.)

### III.  Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's claims involve matters related to his 2010 plea proceedings, subsection (A) applies to his case. Under subsection (A), the limitations period begins to run on the date on which a judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking direct review. Because petitioner did not appeal his convictions, the judgments of conviction became final upon expiration of the time he had for filing timely notices of appeal on Monday, July 19, 2010.[4] Thus, the limitations period commenced the next day and expired one year later on July 19, 2011, absent any tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas-corpus applications, filed after limitations had already expired, do not operate to toll the limitations period. *Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is untimely unless petitioner is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some

---

[4] July 18, 2010, was a Sunday.

4

extraordinary circumstance stood in his way and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner makes no such showing. He provides no explanation in his form petition or his "traverse" for his delay in seeking post-conviction relief nor does he present new reliable evidence that he is actually innocent of the offenses for which he pleaded guilty and stands convicted. His extreme delay further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Accordingly, petitioner's federal petition was due on or before July 19, 2011. His petition filed on April 23, 2018, is therefore untimely.

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this

court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED April \_\_11\_\_, 2019.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE